# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: O.B.**

**No. 15-0116** (Wood County 13-JA-86)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.B., by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's January 12, 2015, order terminating his parental rights to O.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin Bonovitch, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without employing a less-restrictive alternative and in denying his motion for post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an original, and then an amended, abuse and neglect petition alleging that the children's mother arrived at a DHHR local office and stated that she was unable to support her two children financially, emotionally, or mentally.[2] According to the petitions, she declared that she was unwilling to accept services and that petitioner, whom she described as an alcoholic and an abusive person to both her and the children, resided in the home. The DHHR filed a second amended petition in October of 2013, alleging that petitioner was continuously physically and emotionally abusive with the children's mother in their presence for approximately two years and that he had three domestic violence protective orders issued against him by the children's mother.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]We note that O.B. has a half-sibling who was subject to the proceedings below, but is not at issue in this appeal.

1

In November of 2013, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to abuse and neglect of the children due to his excessive use of alcohol and emotional and physical abuse of the children and their mother in the children's presence. The circuit court accepted the stipulation, adjudicated him an abusing parent, and, upon his motion, granted him a post-adjudicatory improvement period. Between November of 2013 and August of 2014, petitioner made some progress by completing short-term substance abuse treatment as part of his improvement period. However, according to the DHHR, by August of 2014, petitioner failed to complete a domestic violence treatment program and had relapsed. Over the DHHR's objection, the circuit court extended petitioner's improvement period in August of 2014.

In December of 2014, the circuit court held a dispositional hearing. The circuit court heard from several DHHR caseworkers and service providers who testified that petitioner relapsed into alcohol use, as evidenced by the smell of alcohol at visits with the child, loud behavior, and worsening attitude, which a service provider described as scaring the child at his last visit in October of 2014. That service provider also testified that, during a visit at a fast food establishment, petitioner acted belligerently and threatened to "cut people" if they did not like the way he acted. Additionally, there was evidence that petitioner failed to comply with substance abuse screening and treatment, resided with the children's mother in violation of a court order, and, as stated above, failed to complete domestic violence treatment. The circuit court found that there was no likelihood that petitioner could substantially correct the conditions of neglect or abuse in the foreseeable future and the children's best interests required termination. For those reasons, the circuit court terminated petitioner's parental rights to the children. In addressing post-termination visitation, although the circuit court noted that petitioner had a strong bond with the child, it determined that such visitation was not in the child's best interests given petitioner's relapses into his previous behavior. The circuit court stated that it would entertain a motion for petitioner's post-termination visitation filed at a later date, by either the DHHR or guardian, if petitioner demonstrated prolonged sobriety. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's termination of his parental rights without employing a less-restrictive alternative, pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). While petitioner correctly notes that courts must generally employ the least-restrictive dispositional alternative in these proceedings, the circuit court in this matter found that the evidence of petitioner's conduct during his improvement period proved that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future. This Court has explained that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 (1997) may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) (1997) that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). Our review of the record on appeal reveals that the circuit court granted petitioner a post-adjudicatory improvement period and an extension thereof, over the DHHR's objection. During that one-year period, petitioner demonstrated initial progress by completing a short-term substance abuse treatment program, but, soon thereafter, he regressed. He arrived for a visit with the child smelling of alcohol; he demonstrated a hostile attitude, which scared the child; and he failed to comply with his substance abuse screening and domestic violence treatment. He also continued to reside with the children's mother, in direct violation of the circuit court's order. While evidence showed a bond between petitioner and the child, we cannot find that the circuit court committed reversible error in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare, given the record before us. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. For those reasons, we find no reversible error in the circuit court's termination of petitioner's parental rights to the child without employing a less-restrictive dispositional alternative.

Petitioner's second and final assignment of error is that the circuit court erred in denying his motion for post-termination visitation. We have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

3

Syl. Pt. 11, *In re Daniel D*. 211 W.Va. 79, 562 S.E.2d 147 (2002). We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (providing that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). While petitioner argues that post-termination visitation was required due to his bond with the child and his participation in visits during his improvement period, he ignores the service provider's testimony at the dispositional hearing that he attended visits smelling of alcohol, scared the child at his last visit in October of 2014, and that, during a visit at a fast food establishment, he threatened to "cut people" if they did not like the way he acted. Based on the record on appeal, we find no error in the circuit court's discretionary ruling that post-termination visitation was not in the child's best interests.

For the foregoing reasons, we find no error in the circuit court's January 12, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II